

# NUMBER 13-13-00174-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GILBERT SANTOS GARCIA JR.,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 25th District Court
### of Gonzales County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Gilbert Santos Garcia Jr. appeals from his conviction for aggravated assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). In November 2011, after Garcia pleaded guilty to two counts of the offense, the trial court assessed his punishment at seven years' deferred adjudication probation. On April 2,

2013, at a revocation hearing, the State alleged that Garcia violated conditions of his community supervision. Garcia informed the trial court that he admitted to twenty-six violations pleaded in the State's amended motion to adjudicate. The State offered and the trial court admitted into evidence Garcia's stipulation and judicial confession. The trial court adjudicated Garcia guilty of the offense of aggravated assault and sentenced him to fifteen years' confinement in the Texas Department of Criminal Justice, Institutional Division. *See id.*

Determining that there are no meritorious claims for appeal, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court as modified.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California,* Garcia's counsel filed a brief stating that, after a review of the record, he has been "unable to find any arguable issue on appeal attacking the judgment and sentence." *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

2

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Garcia's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in his opinion, there are no arguable issues to raise in this appeal. Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the motion to withdraw and the appellate brief on Garcia, and (3) informing Garcia of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate time has passed, and Garcia has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's motion to withdraw, and the appellate brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

at 509.

We note that the judgment adjudicating guilt incorrectly states that the recommended sentence under the "Terms of Plea Bargain" was "fifteen (15) years TDCJ-ID," but the record shows that the recommended sentence was twelve years. Accordingly, we modify the judgment to reflect that the "Terms of the Plea Bargain" provision is "twelve (12) years TDCJ-ID." *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) ("Appellate courts have frequently reformed judgments to correct improper recitations or omissions relating to punishment.") (citations omitted). We affirm the judgment as modified.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Garcia and to advise Garcia of his right to pursue a petition for review.[2] *See* TEX. R. APP. P. 48.4; *see also In*

---

[2] No substitute counsel will be appointed. Should Garcia wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

*re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim.

App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 20th
day of February, 2014.